UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-CV-159 SNLJ |
| ) | |
| PEMISCOT COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Kevin Anderson brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 5. Plaintiff was a pretrial detainee when he initiated this suit on November 2, 2021; however, on January 6, 2022, he filed a change of address notice with the Court indicating that he had been released from confinement. Plaintiff's financial situation is no longer accurately represented by the inmate account statement he filed with the Court. As a result, Plaintiff's motion to proceed *in forma pauperis* will be denied without prejudice, and he shall submit a new motion to proceed *in forma pauperis* describing his current financial situation. Plaintiff must complete the form in its entirety. Alternatively, Plaintiff may pay the full filing fee. In addition, because Plaintiff is self-represented and the allegations of his amended complaint are serious, the Court will give Plaintiff the opportunity to submit a second amended complaint to clarify his claims and the capacity in which he brings them against the named Defendants. Finally, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's two motions for counsel, subject to refiling at a later date.

**Background**

Plaintiff initiated this action with a letter to the Court dated October 28, 2021. ECF No. 1. At the time, Plaintiff was detained at the Pemiscot County Jail in Caruthersville, Missouri. *Id.* at 1. In the letter, Plaintiff complained about being assaulted by two jailers at the Jail. *Id.* On November 3, 2021, the Court issued an Order directing Plaintiff to file an amended complaint on a court form and to either pay the filing fee or file a motion to proceed without prepaying fees and costs. ECF No. 2. As a result, Plaintiff filed an amended complaint and motion for leave to proceed *in forma pauperis* on November 22, 2021. ECF Nos. 4-5. Plaintiff also filed two motions for appointment of counsel and a supplement to his amended complaint. ECF Nos. 7-9. Finally, on January 6, 2022, Plaintiff notified the Court that he had been released on bond. ECF No. 10.

*In Forma Pauperis* **Status and Payment of Filing Fee**

Under 28 U.S.C. § 1915(b)(1), when a prisoner brings a civil action *in forma pauperis*, the prisoner must pay the full amount of the filing fee, usually in the form of an initial partial payment and then installment payments over time. However, a non-prisoner plaintiff can litigate without payment of any fees if he qualifies under the general *in forma pauperis* provision of 28 U.S.C. § 1915(a)(1).

Here, Plaintiff's financial situation may have improved since he left jail. The certified prison account statement that Plaintiff filed (ECF No. 6) does not reflect Plaintiff's *current* post-incarceration income, assets, or ability to pay. Therefore, the Court will deny Plaintiff's previously filed motion to proceed *in forma pauperis*, without prejudice, and direct Plaintiff to file a new motion if he wishes to further prosecute this action. The new motion to proceed *in forma pauperis* should document Plaintiff's current post-release income, assets, and expenses. *See* 28 U.S.C. § 1915(a). The Court will direct the Clerk to sent Plaintiff the appropriate court form. Alternatively,

if Plaintiff chooses not to submit a new motion to proceed *in forma pauperis*, Plaintiff may pay the entire amount of the filing fee, $402, within thirty days of the date of this Order.

### The Amended Complaint and Supplement

Plaintiff's 42 U.S.C. § 1983 amended complaint alleges violations of his civil rights against the Pemiscot County Jail and two jailers employed there: Matthew Walker and Josh Darnall.[1] ECF No. 4 at 1-3. Plaintiff does not specify the capacity in which he brings suit against any of the defendants. *Id.*

Plaintiff alleges that on August 26, 2021, he was "assaulted and treated with cruel and unusual punishment" at the Pemiscot County Jail. *Id.* at 3. Plaintiff states that defendant Walker "slammed" him in a wheelchair and then dumped him out of the chair onto the floor. Defendant Darnall "assisted in slamming" Plaintiff and Darnall also pushed Plaintiff to the floor. *Id.* Plaintiff also states that he was threatened and "made fun of," but he does not specify who did these things. *Id.* at 5.

Plaintiff provides more detail about this incident in the grievance exhibits attached to the amended complaint. ECF No. 4-1.[2] Plaintiff states that he was in pain and in need of medical attention so he laid down on the floor of his cell and one of his cellmates pressed a button to inform the jailers of the situation. *Id.* at 2. Defendants Walker and Darnall[3] came into his cell with a wheelchair, picked him up off the floor, and then "slammed" him into the wheelchair. *Id.* at 1. Plaintiff was then taken to booking where defendant Walker "attempted to get [Plaintiff's] vitals"

---

[1] It appears that this defendant is incorrectly listed on the docket sheet as "Josh Darnell" instead of "Josh Darnall." The Court will direct the Clerk of Court to correct this defendant's name.

[2] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

[3] The Court notes that Plaintiff's first grievance filing named the involved jailers as "Walker and Moore." ECF No. 4-1 at 1. However, the responding officer clarified that the jailers involved in Plaintiff's wheelchair transport were "Walker and Darnall not Moore." *Id.* Plaintiff also names this jailer as Darnall in his supplemental filing. ECF No. 9.

but he was unable to due to the extreme pain that Plaintiff was experiencing. *Id.* at 2. Walker then told Plaintiff that he was not going to the hospital and that Plaintiff could either be placed in "lock down" in a holding cell or he could go back to his pod. Plaintiff chose to go back to his cell. *Id.* Plaintiff was wheeled back to his cell where Walker "dumped" him out of the chair onto the floor. *Id.* at 1-2. Plaintiff then attempted to crawl up onto his cellmate's bunk but defendant Darnall pushed him back to the floor, stating that he didn't want Plaintiff to fall from the bunk. *Id.* at 1, 3. Plaintiff remained on the floor in pain for at least twenty minutes. *Id.* at 3.

In a supplemental letter Plaintiff filed with the Court on December 1, 2021, Plaintiff provides the same basic details of the incident. ECF No. 9. However, Plaintiff does clarify his threat allegations. He states that Walker "threaten[ed]" to place him in a holding cell when Plaintiff was told that he was not going to the hospital. *Id.* at 1. Plaintiff also provides details on the injuries he suffered. He states that when he was dumped onto the floor upon return to his cell, he hit his head and elbow on the floor. Also, when Darnall pushed Plaintiff off his cellmate's bunk, Darnall pushed Plaintiff's head against the side of the bunk. *Id.*

Finally, Plaintiff also states that he was not given "medical assistance" for his injuries and that the Pemiscot County Jail did not "respond to this matter after filing a grievance 3 times on the matter." *Id.* at 2.

As a result of this alleged assault, Plaintiff asserts that his right eye was bruised and swollen, and his right elbow was swollen. ECF No. 4 at 3-4. For relief, Plaintiff seeks money damages and that defendant jailers "have no dealings with any of the inmates." *Id.* at 5.

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review. Because Plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in

accordance with the instructions set forth below. Plaintiff should consider the following legal issues in filing his second amended complaint.

 I. **Legal Deficiencies of the Pleadings**

Plaintiff's claims against defendant Pemiscot County Jail are legally frivolous because jails and local government detention centers are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009). As such, Plaintiff's complaint fails to state a valid § 1983 claim as to defendant Pemiscot County Jail.

As to defendants Walker and Darnall, Plaintiff does not state what capacity in which he brings claims against these defendants. A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id.*; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). Thus, because Plaintiff did not specify a capacity, the

amended complaint is interpreted as only bringing official capacity claims against Walker and Darnall.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, defendants Walker and Darnall are employees of the Pemiscot County Jail.

In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body, like Pemiscot County, can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

In this case, Plaintiff makes no allegations concerning a Pemiscot County policy, custom, or deliberately indifferent failure to train or supervise. As such, Plaintiff's amended complaint fails to state official capacity claims against Walker and Darnall. Plaintiff needs to bring his claims against these defendants in their individual capacities if he is attempting to state an Eighth Amendment cruel and unusual punishment claim against them for their actions during the wheelchair-transport incident described.

Finally, Plaintiff states that he was denied medical assistance while at the Jail. If Plaintiff wishes to pursue a claim of deliberately indifferent medical care, he needs to clarify who denied him medical care and describe the resulting injuries from this denial of care.

## II.     Amendment Instructions

Plaintiff should file a second amended complaint to attempt to cure these pleading deficiencies. Plaintiff is advised that the filing of a second amended complaint **completely replaces** the original complaint, amended complaint, and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from any other complaints or supplements that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the second amended complaint on the Court-provided prisoner civil rights complaint form, and the second amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption,

Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file a second amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

## Appointment of Counsel

Finally, Plaintiff has filed two motions for appointment of counsel. ECF Nos. 7-8. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of

counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 5] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to Plaintiff blank copies of the Court's Prisoner Civil Rights Complaint form and Motion to Proceed *in Forma Pauperis* form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall either pay the $402 filing fee or submit a motion to proceed *in forma pauperis* on the Court-provided form.  If Plaintiff choses to submit a motion, the financial information provided in his affidavit should reflect his current, post-incarceration status.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 7] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for appointment of counsel [ECF No. 8] is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall change the docket sheet spelling of defendant "Josh Darnell" to "Josh Darnall."

**Plaintiff's failure to timely comply with this Memorandum and Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this  23rd  day of February, 2022.

 

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE