# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

KEVIN ANDERSON,             )
                                       )
           Plaintiff,              )
                                         )
          v.                    )          No. 1:21-CV-159 SNLJ
                                         )
PEMISCOT COUNTY JAIL, et al.,     )
                                         )
         Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Pretrial detainee Kevin Anderson commenced this civil action with a letter to the Court dated October 28, 2021, complaining about being assaulted by two jailers at the Pemiscot County Jail in Caruthersville, Missouri. ECF No. 1. Subsequently, Plaintiff filed an amended complaint and a motion to proceed *in forma pauperis*, or without prepaying fees and costs. ECF Nos. 4-5. However, on January 6, 2022, Plaintiff notified the Court that he had been released on bond. ECF No. 10. As a result, the Court found that Plaintiff's financial situation was no longer accurately represented by his inmate account statement. As such, the Court denied Plaintiff's motion to proceed *in forma pauperis* and directed him to submit a new motion describing his current financial situation or pay the full filing fee. ECF No. 11. In that same Order, the Court reviewed Plaintiff's amended complaint, finding legal deficiencies but allowing him an opportunity to submit a second amended complaint to clarify his claims. *Id.* The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of his case without further notice. Plaintiff's response was due by March 25, 2022.

To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D.Mo. L.R. 2.01(B)(1). Plaintiff had neither paid the filing fee nor submitted a motion to proceed without prepayment. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's February 23, 2022 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _12th_ day of April, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

2